UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| DEXTER FRANK JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No.: 1:16-CV-140-CLC-CHS |
| | ) | |
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

This is an action the Court has construed as a pro se petition for habeas corpus relief pursuant to 28 U.S.C. § 2254, as the claims therein attempt to set forth claims for habeas corpus relief. *Gonzalez v. Crosby*, 545 U.S. 524, 530–32 (2005). Specifically, Petitioner seeks to challenge his 1994 state court convictions for first degree murder, attempted murder, and aggravated robbery [Doc. 1 p. 1]. Accordingly, on October 24, 2017, the Court directed the Clerk to send Petitioner a blank copy of the form for habeas corpus petitions and ordered Petitioner to return that form within thirty days [Doc. 11]. Instead, Petitioner has filed a motion for reconsideration [Doc. 12] and a motion to appoint counsel [Doc. 13].

In his motion for reconsideration, Petitioner acknowledges that he has filed a number of habeas corpus petitions that have been dismissed for want of prosecution and/or lack of merit and that he would therefore have to seek permission from the United States Court of Appeals for the Sixth Circuit in order to file another [Doc. 12 p. 3]. Thus, Petitioner states that he does not seek relief under § 2254, but rather seeks to have this Court correct the errors in his underlying state court matters pursuant to Rule 60(b) of the Federal Rules of Civil Procedure [*id.* at 2–3].

Federal courts, however, have no authority to review judgments of state court judicial proceedings. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983). Thus, to the extent Petitioner asks the Court to grant him relief from the state court judgment under Rule 60(b), rather than under § 2254, this Court lacks the authority to provide any such relief.[1]

Accordingly, as Petitioner specifically denies seeking relief under § 2254, the petition fails to state a claim upon which relief may be granted, even liberally construing the petition liberally. As such, Petitioner's motion for reconsideration [Doc. 12] will be **DENIED** and this action will be **DISMISSED**. Further, Petitioner's motion to appoint counsel [Doc. 13] will be **DENIED as moot**.

The Court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith.

**AN APPROPRIATE ORDER WILL ENTER.**

/s/
**CURTIS L. COLLIER
UNITED STATES DISTRICT JUDGE**

---

[1] Further, as Petitioner states in his motion, he has filed a number of § 2254 petitions arising out of the same convictions he seeks to attack in his most recent petition. *See Johnson v. Conley, Warden*, Civil Action No. 1:97-CV-23 (E.D. Tenn. 1998); *Johnson v. Conley*, Civil Action No. 1:98-CV-056 (E.D. Tenn. 1998); *Johnson v. Westbrook*, Civil Action No. 1:03-CV-150 (E.D. Tenn. 2003); *Johnson v. Mills*, Civil Action No. 1:05-MC-003 (E.D. Tenn. 2005). Accordingly, if Petitioner were seeking relief under § 2254, the Antiterrorism and Effective Death Penalty Act of 1996 would require him to obtain an order from the United States Court of Appeals for the Sixth Circuit that authorizes this Court to consider the instant petition prior to the Court considering the merits thereof. 28 U.S.C. § 2244(b)(3); *see also Lyons v. Ohio Adult Parole Authority*, 105 F.3d 1063, 1066 (6th Cir. 1997). As such, the Court would have to transfer this matter to the Sixth Circuit pursuant to 28 U.S.C. § 1631. *See In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997).